UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LISA LAMPMAN,

                Plaintiff,        **MEMORANDUM and ORDER**

— against —                    07-CV-3423 (SLT)(LB)

FRIEDMAN & LEVINE, INC.,

                Defendant.
-------------------------------------------------------X

**TOWNES, United States District Judge:**

      This Memorandum and Order is submitted to clarify the Order dated August 20, 2007, denying Plaintiff's request to proceed *in forma pauperis* ("IFP").

      Plaintiff, Lisa Lampman, brings this action against Defendant alleging violations of the Americans with Disabilities Act ("ADA").[1] Plaintiff seeks to proceed IFP pursuant to 28 U.S.C. § 1915. For the reasons that follow, Plaintiff's request is denied, and she is directed to pay the statutory filing fee of $350 on or before September 20, 2007 in order to proceed with this action.

      "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Gregory v. NYC Health & Hospitals Corp.*, Nº 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP

---

[1] To be subject to the terms of the ADA, the defendant must be an "employer" within the meaning of the statute, *i.e.*, "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A). The statute's fifteen (15) employee definition of an "employer" is not a jurisdictional requirement but rather goes to the merits of the claim. *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). Plaintiff's right-to-sue letter indicates that Defendant does not have sufficient employees.

if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" *Hobbs v. County of Westchester, et al.*, № 00 Civ. 8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Choi v. Chemical Bank*, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996).

The financial declaration form that Plaintiff has submitted ("Decl.") does not satisfy the Court that she is unable to pay the Court's filing fee to commence this action. Plaintiff's financial declaration alleges that she is presently employed by the Anton Adjustment Company with a monthly salary of $3,400. Decl. ¶ 1. Plaintiff alleges that she pays approximately $1,250 per month for rent, and has $800 in savings. *Id.* ¶¶ 4, 7. In the space provided on the declaration form to notify the Court of any "special financial circumstances," Plaintiff summarily states that she has credit card debt. *Id.* ¶ 8. Plaintiff's declaration establishes that she has sufficient resources to pay the $350 filing fee to commence this action, and her request to proceed IFP is therefore denied.

Accordingly, Plaintiff must pay the $350 filing fee on or before September 20, 2007 in order to proceed further. No summons shall issue at this time and all further proceedings shall be stayed until September 20, 2007 or until Plaintiff has complied with the directions herein. If Plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice. Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that any

appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

Dated: Brooklyn, New York
       August 29, 2007

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge